IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

JOHN S. MUIR     Plaintiffs
12615 Westport Ridge Way
Louisville, Kentucky 40245

AND

LAUREN N. MUIR
12615 Westport Ridge Way
Louisville, Kentucky 40245

Case No. 3:15-cv-20-JGH

v.

Judge _____

KENTUCKY TELCO FEDERAL CREDIT UNION
3740 Bardstown Road
Louisville, Kentucky 40218

       SERVE:    Cindy Hall
                        3740 Bardstown Road
                        Louisville, Kentucky 40218

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

       SERVE:    CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601

AND

TRANS UNION LLC
555 W. Adams Street
Chicago, Illinois 60661

       SERVE:    The Prentice Hall Corporation System
                        421 W. Main Street
                        Frankfort, Kentucky 40601

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Come the Plaintiffs, John S. Muir and Lauren N. Muir, by counsel, and for their Verified Complaint against the Defendants, Kentucky Telco Federal Credit Union ("Kentucky Telco"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), state as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq. and the Kentucky Consumer Protection Act ("CPA"), KRS 376.167, against Defendants, Kentucky Telco, Experian and Trans Union.

### II. PARTIES

2. Plaintiff, John S. Muir, is currently and was at all times relevant to this Verified Complaint a citizen of the Commonwealth of Kentucky residing at 12615 Westport Ridge Way, Louisville, Kentucky 40245. Mr. Muir is the spouse of Plaintiff, Lauren N. Muir.

3. Mr. Muir is a "person" as that term is defined by the CPA, KRS 367.110(1).

4. Mr. Muir is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5. Mr. Muir is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

6. Plaintiff, Lauren N. Muir, is currently and was at all times relevant to this Verified Complaint a citizen of the Commonwealth of Kentucky residing at 12615 Westport Ridge Way, Louisville, Kentucky 40245. Mrs. Muir is the spouse of Plaintiff, John S. Muir.

7. Mrs. Muir is a "person" as that term is defined by the CPA, KRS 367.110(1).

8. Mrs. Muir is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

9. Mrs. Muir is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

10. Defendant, Kentucky Telco, is a federally chartered credit union doing business in the Commonwealth of Kentucky with its principal place of business located at 3740 Bardstown Road, Louisville, Kentucky 40218.

11. Kentucky Telco is a "person" as that term is defined by the CPA, KRS 367.110(1).

12. Kentucky Telco is a "financial institution" as that term is defined by the FCRA, 15 U.S.C. §1681a(t), and a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

13. Kentucky Telco is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

14. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

17. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

18. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

19. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

20. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

21. In December 20, 2012, Plaintiffs obtained an automobile loan from Kentucky Telco in the amount of $6,830, Kentucky Telco Account No. ******9159.

22. Plaintiffs renewed the Kentucky Telco loan in March 2013 and again in May 2013. The principal amount was $9,839 at the March 2013 renewal, and $11,756 at the May 2013 renewal.

23. Plaintiffs have never been delinquent on the Kentucky Telco loan.

24. In summer 2014, Mr. Muir discovered that his Kentucky Telco account was being reported as over 120 days delinquent on his Trans Union and Experian credit reports.

25. In or about September 2014, Mr. Muir disputed the alleged delinquency with Kentucky Telco and filed formal disputes with Trans Union and Experian pursuant to 15 U.S.C. §1681i(a).

26. Upon information and belief, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Kentucky Telco of Mr. Muir's disputes at or within five (5) days of Trans Union's and Experian's receiving notice of the dispute from Mr. Muir.

27. By letter dated October 27, 2014, Kentucky Telco confirmed the alleged delinquency on Account No. ******9159. Trans Union and Experian verified the alleged delinquency by correspondence to Mr. Muir dated October 31, 2014.

28. In summer 2014, Mrs. Muir discovered that her Kentucky Telco account was being reported as over 120 days delinquent on her Trans Union and Experian credit reports.

29. In or about September 2014, Mrs. Muir disputed the alleged delinquency with Kentucky Telco and filed formal disputes with Trans Union and Experian pursuant to 15 U.S.C. §1681i(a).

30. Upon information and belief, Trans Union and Experian, pursuant to the requirements stated in the 15 U.S.C. §1681i(a)(2)(A), notified Kentucky Telco of Mrs. Muir's disputes at or within five (5) days of Trans Union's and Experian's receiving notice of the disputes from Mrs. Muir.

31. By letter dated October 27, 2014, Kentucky Telco confirmed the alleged delinquency on Account No. ******9159. Trans Union and Experian verified Mrs. Muir's alleged delinquency by correspondence dated October 31, 2014.

## V. CLAIMS

### Negligence – Kentucky Telco

32. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Kentucky Telco's false reporting to Trans Union and Experian regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the subject debt as delinquent, Kentucky Telco breached its duty to Plaintiffs to report accurate information regarding Plaintiffs' credit history.

34. Kentucky Telco's false reporting to Trans Union and Experian regarding the alleged delinquent debt of the Plaintiffs has caused and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit ratings, and other compensatory and consequential damages. Kentucky Telco's false reporting to Trans Union and Experian regarding the alleged delinquent debt of the Plaintiffs was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligence – Trans Union

35. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Trans Union's failure to remove Kentucky Telco's false reports of Plaintiffs' alleged delinquency from Plaintiffs' Trans Union credit reports, despite Plaintiffs' lawful notice to Trans Union of the falsity of the reports, was negligent. In failing to remove Kentucky Telco's false reports of Plaintiffs' alleged debt, Trans Union breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiffs.

37. Trans Union's negligent failure to remove Kentucky Telco's false reports of Plaintiffs' alleged debt from Plaintiffs' Trans Union credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit ratings, and other compensatory and consequential

damages.

38. Trans Union's failure to remove Kentucky Telco's false reports of Plaintiffs' alleged debt from Plaintiffs' credit reports, despite Plaintiffs' lawful notice to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligence – Experian

39. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Experian's failure to remove Kentucky Telco's false reports of Plaintiffs' alleged delinquency from their Experian credit reports, despite Plaintiffs' lawful notice to Experian of the falsity of the reports, was negligent.

41. Experian's negligent failure to remove Kentucky Telco's false reports of Plaintiffs' alleged delinquency from Plaintiffs' Experian credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

42. Experian's failure to remove Kentucky Telco's false reports of Plaintiffs' alleged delinquency from Plaintiffs' Experian credit reports, despite Plaintiffs' lawful notice to Experian of the falsity of the reports, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Kentucky Telco

43. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Kentucky Telco's initial and continuing false reporting to Trans Union and Experian of Plaintiffs' alleged debt is a violation of Kentucky Telco's duties as a furnisher of credit

information pursuant to the FCRA, 15 U.S.C. §1681s-2(a)(b).

45. Kentucky Telco's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Kentucky Telco is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Kentucky Telco

46. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Kentucky Telco's initial and continuing false reporting to Trans Union and Experian of Plaintiffs' alleged delinquency, despite Kentucky Telco's knowledge of the falsity of its reporting, is a willful violation of Kentucky Telco's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

48. Given Kentucky Telco's knowledge of the falsity of its reporting, Kentucky Telco's violations of the FCRA amount to willful non-compliance with the FCRA as stated is 15 U.S.C. §1681n, for which Kentucky Telco is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

### Violation for the Truth in Lending Act – Kentucky Telco

49. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Kentucky Telco's initial and continuing false reporting to Trans Union and Experian of Plaintiffs' alleged delinquency is a violation of Kentucky Telco's duties as a creditor pursuant to the TILA 15 U.S.C. §1666a.

51. Kentucky Telco's violations of the TILA entitle Plaintiffs to statutory damages, actual damages, and attorneys' fees pursuant to 15 U.S.C. §1640.

### Violation of the Kentucky Consumer Protection Act – Kentucky Telco

52. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Kentucky Telco's initial and continuing false reporting to Trans Union and Experian of Plaintiffs' alleged delinquency, such reports made with full knowledge of the falsity of the reports, amounts to unfair, false, misleading and/or deceptive acts or practices in the conduct of trade or commerce in violation of Kentucky's CPA, KRS 367.170(1).

54. Kentucky Telco's violations of the CPA entitle Plaintiffs to compensatory, consequential and punitive damages therefor, and further entitle Plaintiffs to an award of their attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union.

55. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. Trans Union's failure to remove the disputed items from Plaintiffs' credit reports despite knowledge of the falsity of the disputed items is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

57. Trans Union's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiffs' credit reports within a reasonable time following Trans Union's receipt of Plaintiffs' disputes is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

59. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Trans Union's failure to remove the disputed items from Plaintiffs' credit reports despite knowledge of the falsity of the disputed items is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Trans Union's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Trans Union's receipt of Plaintiffs' disputes is a willful violation of Trans Union's duties regarding investigation of disputed items 15 U.S.C. §1681i.

62. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

63. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Experian's failure to remove the disputed item from Plaintiffs' credit report despite knowledge of the falsity of the disputed items is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding

investigation of disputed items under 15 U.S.C. §1681i.

65. Experian's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiffs' disputes is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

67. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68. Experian's failure to remove the disputed item from Plaintiffs' credit reports despite knowledge of the falsity of the disputed items is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69. Experian's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiffs' dispute is a willful violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiffs, John S. Muir and Lauren N. Muir, respectfully demand the following:

 A. Trial by jury on all issues so triable;

 B. An award of all damages to which Plaintiffs are entitled, including all compensatory, consequential, statutory, actual, and punitive damages as allowed by law;

 C. An award of Plaintiffs' costs and attorneys' fees;

 D. An award of all pre- and post-judgment interest at the maximum allowable rate; and,

 E. Any and all other relief to which Plaintiffs may appear to be entitled.

        Respectfully submitted,

        */David W. Hemminger*
        David W. Hemminger
        LYNCH, COX, GILMAN & GOODMAN P.S.C.
        500 West Jefferson Street, Suite 2100
        Louisville, KY 40202
        (502) 589-4994
        dhemminger@lynchcox.com
        *Counsel for Plaintiffs*

## VERIFICATION

I, John S. Muir, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
John S. Muir

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by John S. Muir this 2 day of January, 2015.

_Jacquelyn Niekhefer #458433_
Notary Public

Commission expires: 2/6/16

## VERIFICATION

I, Lauren N. Muir, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Lauren Muir*
Lauren N. Muir

COMMONWEALTH OF KENTUCKY )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Lauren N. Muir this 2 day of January, 2015.

*Jacquelyn Kirkhefer #458833*
Notary Public

Commission expires: 2/6/16